```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF CONNECTICUT

-------------------------------x
                               :
JASON D. JOHNSON, TROY         :
MURPHY, and JERMAINE           :
HIPPOLYTE, individually and on :
behalf of all other similarly  :
situated individuals,          :
                               :
        Plaintiffs,            :
                               :
v.                             :   Civ. No. 3:06CV01434(AWT)
                               :
M & M COMMUNICATIONS, INC.,    :
                               :
        Defendant.             :
                               :
-------------------------------x
```

## RULING ON MOTION TO STRIKE

Defendant M & M Communications, Inc. moves to strike paragraphs 29 and 30 of the Amended Complaint (paragraphs 32 through 34 of the Second Amended Complaint) pursuant to Fed. R. Civ. P. 12(f). For the reasons set forth below, the defendant's motion is being denied.

In the Second Amended Complaint, the plaintiffs allege:

> 32. Subsequently, the Field Audit Unit of the Connecticut Department of Labor conducted a wage investigation of Defendant and concluded that Plaintiff Johnson was not an "independent contractor," but was an employee of Defendant.
>
> 33. Upon information and belief, the Field Audit Unit of the Connecticut Department of Labor conducted a similar wage investigation of Defendant and concluded that Plaintiff Francis was not an "independent contractor," but was an employee of Defendant.
>
> 34. Despite these audits and rulings, Defendant has failed to correct its classification of Plaintiffs, and all similarly situated plaintiffs, and pay to Plaintiff, and all similarly situated plaintiffs, all moneys due and owing.

Second Amended Complaint (Doc. No. 32), at ¶¶ 32-34. Identical

allegations appear at paragraphs 34 through 36 of the Third Amended Complaint.

Pursuant to Fed. R. Civ. P. 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions are disfavored." Schutz v. Northeast Mortgage Corp., No. 3:05CV423(MRK), 2005 WL 1868888, at *1 (D. Conn. July 27, 2005). "In deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Com. United Corp., 551 F.2d 887, 893 (1976). Moreover, "[u]sually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." Id. "And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint--on the grounds that the material could not possibly be relevant--on the sterile field of the pleadings alone." Id. "[I]f the motion is granted at all, the complaint should be pruned with care." Id. at 894.

The defendant argues that the findings of the Field Audit Unit were merely the findings of one investigator and were the product of a different burden of proof and are therefore immaterial to this case. In Lipsky, the court found that a "consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues . . . can not be

2

used as evidence in subsequent litigation between the corporation and another party" and affirmed the district court's striking of the SEC complaint (and references to the complaint) against the defendant which alleged securities laws violations. Lipsky, 551 F.2d at 893. While the SEC complaint was immaterial because the consent judgment was immaterial, "the opinion of the SEC may be relevant as to what is a proper registration or proxy statement and what sort of submission can be regarded as either a good faith effort or attempted fraud." Id. at 894, n. 9. However, the court noted that "we do not understand how [plaintiff] is harmed by the elimination of the SEC references" because evidence of the SEC's position can be admitted without it having been included in the allegations of the complaint. Id. at 894. In Gotlin v. Lederman, 367 F.Supp.2d 349, 363 (E.D.N.Y. 2005), the court struck references to agreements to settle other cases. The court stated that "references in pleadings to administrative investigations that do not result in adjudication of underlying issues are immaterial and can properly be stricken under Rule 12(f)." Id. See also Lipsky, 551 F.2d at 894 ("a prior judgment can only be introduced in a later trial for collateral estoppel purposes if the issues sought to be precluded were actually adjudicated in the prior trial"); In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial

under Rule 12(f)").

The plaintiffs assert that the conclusions of the Field Audit Unit are relevant because they show that the defendant acted willfully or in bad faith. Evidence that a defendant acted willfully is important under both federal and state statutes. See 29 U.S.C. § 255(a) (extending statute of limitations where there is a willful violation); 29 U.S.C. § 260 (providing that "if the employer shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation . . . the court may, in its sound discretion, award no liquidated damages . . . ."); Butler v. Hartford Technical Institute, Inc., 243 Conn. 454, 470 (1997) ("cases interpreting and applying [Section 31-72] have required" "evidence of bad faith, arbitrariness or unreasonableness" for "a discretionary award of double damages to employees who are successful in actions against their employers for wages due"). The plaintiffs point to Brock v. Superior Care, Inc., et al., 840 F.2d 1054, 1062 (2d Cir. 1988), where Department of Labor ("DOL") investigations, "[an] agreement to pay $32,000 in back pay, . . . [a] promise to comply with the Act in the future", the fact that the "[DOL] compliance officer who conducted the 1980 and 1981 investigations specifically advised Superior Care officials at that time that the nurses were employees", and the failure to request (when suggested) an opinion letter from the DOL were evidence of willful violations of the Fair Labor Standards Act. Here too, the Field Audit Unit's findings may illustrate the

4

defendant's knowledge of its potential violations and its subsequent failure to take corrective action, which may be evidence of willful violations or "bad faith."

Moreover, because a complaint is not submitted to the jury, the danger of unfair prejudice is minimal. <u>See, e.g.</u>, <u>Schutz</u>, 2005 WL 1868888, at *1 ("[t]o the extent that Defendants' aim is to avoid 'unduly inflam[ing] and prejudic[ing] the jury,' their motion is also unnecessary because the Complaint will not be submitted to the jury"); <u>Nat'l Council of Young Israel v. David Wolf, et al.</u>, 963 F.Supp. 276, 282 (S.D.N.Y. 1997) ("Inasmuch as the Court does not submit pleadings to the jury in civil cases, it is difficult to see how a defendant is prejudiced by the presence in the complaint of material such as that at issue here."). Here, the court sees no danger of prejudice as the result of allowing these allegations to remain in the complaint, even taking into account the defendant's argument that the Field Audit Unit's findings are characterized as a "ruling." The court notes that whether evidence of the prior investigations will be admissible at trial is an issue to be resolved at a later stage of the litigation.

Accordingly, the defendant's Motion to Strike (Doc. No. 26) is hereby DENIED.

It is so ordered.

Dated this 29th day of May 2007 at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge